**DISMISS and Opinion Filed July 2, 2013.**



# In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00410-CV

## IN THE INTEREST OF K.G.R., C.H.R.,
## V.L.R., AND D.F.R., CHILDREN

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-10772**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

In a letter dated May 24, 2013, the Court questioned its jurisdiction over this appeal because it appeared appellant's notice of appeal was untimely. We instructed appellant to file a jurisdictional brief, within ten days of the date of the letter, explaining how this Court has jurisdiction over the appeal. We cautioned appellant that failure to file a jurisdictional brief within the time requested may result in dismissal of the appeal without further notice. As of today's date, appellant has not filed a jurisdictional brief.

A notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. If a party files a timely post-judgment motion extending the appellate timetable, the notice of appeal is due ninety days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1(a). An extension of time may be granted if an appellant files a notice of appeal within fifteen days of the deadline and files a motion complying with rule of appellate procedure

10.5(b).  *See* TEX. R. APP. P. 26.3.  Without a timely notice of appeal, this Court lacks jurisdiction.  *See* TEX. R. APP. P. 25.1 (b).

The trial court signed the divorce decree on October 16, 2012.  Appellant filed a timely motion for new trial on October 29, 2012.  Accordingly, the notice of appeal was due on January 14, 2013, ninety days after the date the judgment was signed.  Appellant filed his notice of appeal on February 8, 2013, twenty-five days past the due date.  In his notice of appeal, appellant stated that he was appealing the order signed on January 11, 2013.  On that date, the trial court signed the order denying appellant's motion for new trial.  Appellate timetables begin running from the date the *judgment* is signed, not from the date the trial court signs an order on a motion for new trial.  *See* TEX. R. APP. P. 26.1.

Because appellant did not file a timely notice of appeal, this Court lacks jurisdiction.  Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

/Jim Moseley/
JIM MOSELEY
JUSTICE

130410F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.G.R., C.H.R., V.L.R., D.F.R., CHILDREN

No. 05-13-00410-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas.
Trial Court Cause No. DF-11-10772.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, Olga Ruiz, recover her costs of this appeal from appellant,

Carlos Ruiz

Judgment entered this 2nd day of July, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE

–3–